UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| JURIS Z. PUPOLS, | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:21-cv-1043 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| UNITED STATES DEPARTMENT | ) | |
| OF COMMERCE, *et al.*, | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Magistrate Judge issued a report recommending that the Court dismiss this lawsuit. (ECF No. 11.) Plaintiff Juris Pupols filed a document responding to the report and recommendation. Having carefully reviewed the record, the Court will follow the recommendation of the Magistrate Judge and will dismiss this lawsuit.

First, Plaintiff filed this lawsuit without the assistance of an attorney. Because Plaintiff proceeds *pro se*, this Court must liberally construe his pleadings and other filings. *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006). The Court has endeavored to interpret Plaintiff's submissions.

Second, the matter before the Court concerns a report and recommendation and objections. After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are

entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). The Court reviews Plaintiff's January 3, 2022, submission under these standards.

Third, Plaintiff has not demonstrated any factual or legal error in the report and recommendation. The Magistrate Judge accurately described the background for this lawsuit. "It appears that Plaintiff is dissatisfied with the resolution of a patent or trademark matter which he pursued almost 20 years ago." (PageID.56.) In his objection, Plaintiff identifies various filings and events involving his interactions with the Patent Office between 2000 and 2005. The six-year statute of limitations for any claim Plaintiff might have arising from those events has long expired. *See SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*, 137 S. Ct. 954, 961 (2017) (citing 35 U.S.C. § 286 as the six-year statute of limitations for patent claims). Plaintiff admits that he pursued these (or similar) claims against the same defendants prior to 2010 in a lawsuit filed in the Northern District of Indiana. *Pupols v. Unites States Patent & Trademark Office*, No. 3:09-cv-425 (N.D. Ind.) Although that lawsuit was dismissed without prejudice, the lawsuit establishes that Plaintiff was aware of facts supporting this lawsuit for more than ten years.

The Magistrate Judge also found that Plaintiff's complaint was "largely unintelligible" (PageID.56) and that he "failed to articulate factual allegations which, even if taken as true, would entitle him to relief against the named defendants" (PageID.56-57). The Court appreciates that Plaintiff is not an attorney and has no legal training, formal or informal. Plaintiff has clearly attempted to research what claims he might have and he does use some legal terms of art in his submissions. That said, neither the complaint nor the objection sets

forth sufficient facts to state a claim. Simply using legal phrases like "negligence" and "conversion" does not state a claim; a party must allege facts that, if proven to be true, would be sufficient to establish a right to relief. The factual allegations in Plaintiff's submissions might support an element or two of a claim for conversion or negligence or any of the other potential causes of action suggested in the complaint. The allegations, however, do not sufficiently set forth facts to support all of the elements for any of the purported claims. And, as the Northern District of Indiana pointed out to Plaintiff, sovereign immunity likely precludes Plaintiff from suing the federal government (and its agencies) in the federal courts, unless Plaintiff can identify a waiver or exception. *See, e.g., United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").

Accordingly, the Court **ADOPTS** the report and recommendation. (ECF No. 11.) Having concluded that the complaint fails to state a claim, the Court will **DISMISS WITHOUT PREJUDICE** Plaintiff's motion to change venue (ECF No. 3), motion to appoint counsel (ECF No. 4), motion for discovery (ECF No. 5), motion for summary judgment (ECF No. 6), and motion for order (ECF No. 7). The Court agrees with the Magistrate Judge's recommendation that the complaint fails to state a claim. The Court also agrees with the Magistrate Judge's recommendation that any appeal would be frivolous and will, therefore, **DENY** a good faith certification. **IT IS SO ORDERED.**

Date:   January 5, 2022                                   /s/ Paul L. Maloney
                                                         Paul L. Maloney
                                                         United States District Judge